SIGNED THIS: September 11, 2024

_____
**Peter W. Henderson
United States Chief Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: <br><br> **DEBORAH RIEGLE,** <br><br> Debtor. | Case No. 23-90583 |
| **MARK LAMBERT and MIKE LAMBERT,** as independent co-executors of the estate of **GREGORY LAMBERT,** deceased, d/b/a **GREG LAMBERT CONSTRUCTION,** <br><br> Plaintiffs, <br><br> vs. <br><br> **DEBORAH RIEGLE,** <br><br> Defendant. | Adv. No. 24-9002 |

**OPINION**

The Debtor-Defendant, Deborah Riegle, was found liable in state court for embezzling nearly $50,000 from her former employer, Gregory Lambert. A judgment for that amount, plus $25,000 in punitive damages for Riegle's "brazen theft," was entered and is final. Lambert's estate claims that the judgment debt is nondischargeable

in Riegle's bankruptcy case because it is for embezzlement. 11 U.S.C. §523(a)(4). It has moved for summary judgment based on the doctrine of collateral estoppel. Because the state court necessarily found that the debt is for embezzlement, and because the other requirements of the collateral estoppel doctrine under Illinois law are met, the motion will be granted.

I.      Background

Gregory Lambert operated Greg Lambert Construction before passing away in August 2021. Riegle had worked for Lambert as a secretary, office worker and payroll person. Lambert filed a complaint in November 2018 in Kankakee County, Illinois that alleged that Riegle had embezzled money from Lambert by writing out checks and diverting the proceeds to herself in violation of her fiduciary duty to her employer. The state court held a trial over several days in 2019 and 2020. At Riegle's counsel's request, the court permitted the parties to submit written closing arguments. Lambert filed such an argument; Riegle's attorney did not submit anything.

The state court, in a terse order, found in favor of Lambert. The court's findings may be easily reproduced in their entirety:

> The evidence that Defendant embezzled from Plaintiff was voluminous and will not be recited in this memorandum. The Plaintiff [sic] was entrusted with Plaintiff's money in the operation of his business. This is a position of fiduciary duty. She was bound to handle his money with the same honesty and safety that she would have in her own affairs. The breach of fiduciary duty was obvious. Punitive damages are warranted for this brazen theft.

Doc. #13-7.

Riegle filed a motion to reconsider the judgment, which was orally denied at a hearing. (No record of that hearing has been provided to this Court.) Riegle then appealed to the Illinois Appellate Court, but the appeal was dismissed because she failed to file her initial brief by the court's deadline.

Riegle filed her Chapter 13 case on December 6, 2023. The Plaintiffs, as independent co-executors of the estate of Gregory Lambert, filed Claim 6-1 for $94,570

2

secured by a lien for the state court judgment. The claim consists of $49,962.23 in compensatory damages, $25,000 in punitive damages, and the remainder in accrued interest. The Plaintiffs then filed this adversary to have the estate's claim be deemed nondischargeable. They have moved for summary judgment based on the doctrine of collateral estoppel. In support, the Plaintiffs submitted several documents from the state court proceeding: the complaint, answer, docket sheet, transcripts for two days of the trial, Lambert's written argument, the court's memorandum and order, and the Defendant's motion to reconsider the judgement and Lambert's response.

Riegle argues that collateral estoppel should not preclude her from litigating this adversary complaint on the merits. She argues that the Plaintiffs have failed to produce the entire state court record here; that the state court's judgment is too conclusory; and that she was the victim of her attorney's negligence, which prevented her from fully litigating the case in state court.

## II.   Analysis

A moving party is entitled to summary judgment if there is no genuine dispute as to any material facts and the movant is entitled to judgment as a matter of law. Fed. R. Bankr. P. 7056; Fed. R. Civ. P. 56(a). The moving party bears the burden of proving an exception to discharge; exceptions to discharge are to be construed strictly against a creditor and liberally in favor of the debtor. *Matter of Scarlata*, 979 F.2d 521, 524 (7th Cir. 1992). The Plaintiffs allege that the state court judgment is not dischargeable because the debt is for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. §523(a)(4). They move for summary judgment on the basis of collateral estoppel.

Collateral estoppel is an equitable doctrine that promotes fairness and judicial economy by preventing the relitigation of issues that have already been resolved in earlier actions. *Du Page Forklift Service, Inc. v. Material Handling Services, Inc.*, 744 N.E.2d 845, 849 (Ill. 2001). Because state court judgments are afforded the "same full faith and credit in every court within the United States … as they have by law or usage in the courts of such State … from which they are taken," 28 U.S.C. §1738, a federal court must give state court judgments the same preclusive effect as a court in the rendering state, applying that state's law. *Gambino v. Koonce*, 757 F.3d 604, 608 (7th Cir. 2014). So we look to the law of collateral estoppel in Illinois, which applies when:

3

(1) the issue decided in the prior adjudication is identical with the one presented in the current litigation;

(2) there was a final judgment on the merits in the prior adjudication; and

(3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.

*Givens v. City of Chicago*, 234 N.E.3d 22, 36 (Ill. 2023). Even when those three elements have been met, collateral estoppel should not be applied "unless it is clear that no unfairness will result to the party sought to be estopped." *American Family Mut. Ins. Co. v. Savickas*, 739 N.E.2d 445, 451 (Ill. 2000).

Riegle does not seriously contest that the Plaintiffs have met each of the three elements. Riegle instead argues that the state court's findings are inadequate, that the record here is incomplete, and it would be unfair to apply collateral estoppel against her in light of her attorney's negligence.

### A. The threshold elements for collateral estoppel are met.

Although the threshold elements of collateral estoppel are not directly controverted, the Court has an independent duty to ensure that they are met. The second and third are straightforward: Riegle was a party and there was a final judgment on the merits in the prior adjudication. The first requires more analysis, but it is clear to the Court that "embezzlement" under §523(a)(4) is established by a judgment for "embezzlement" under Illinois law.

Embezzlement under §523(a)(4) is the "fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Matter of Weber*, 892 F.2d 534, 538 (7th Cir. 1989), quoting *Moore v. United States*, 160 U.S. 268, 269 (1895). A creditor must prove that (1) the debtor appropriated funds for his or her own benefit; and (2) the debtor did so with fraudulent intent or deceit. *Weber*, 892 F.2d at 538.[1]

---

[1] *Weber* notes the standard of proof as "clear and convincing evidence," but that portion of the opinion was abrogated by *Grogan v. Garner*, 498 U.S. 279, 291 (1991), which held that the usual preponderance-of-the-evidence standard applies.

4

In Illinois, embezzlement consists of the accused's conversion of another's funds in his possession in a fiduciary capacity, and the crime is complete when there is a fraudulent conversion without the owner's consent. *People v. Riggins*, 148 N.E.2d 450, 452 (Ill. 1958). Intent is a specific element of the crime of embezzlement. *People v. O'Malley*, 88 N.E.2d 454, 457 (Ill. 1949). Embezzlement differs from larceny in that the original taking is lawful; the "gravamen of the offense is the subsequent felonious conversion of the property with intent to convert it to the accused's own use." *People v. Strong*, 2 N.E.2d 942, 944 (Ill. 1936). That said, "embezzlement" is an outdated term under Illinois law, which now refers to all sorts of unauthorized takings, such as larceny and embezzlement, simply as "theft." 720 ILCS 5/16-1; see *Omni-Star Expo Ltd. v. Chrobak*, 2018 IL App (2d) 170759-U, ¶¶ 33–35 (Ill. App. Ct. 2018) (unpublished); *Benedick v. Mohr*, 600 N.E.2d 63, 66 (Ill. App. Ct. 1992) (applying collateral estoppel to preclude civil defendant from contesting amount embezzled based on criminal judgment for theft).

The issue before the state court (liability for Illinois embezzlement) is identical to the issue before this Court (a debt for federal embezzlement). The state court found that Riegle had been entrusted with Lambert's money in a position of fiduciary duty. She "obvious[ly] breached that duty" by engaging in a "brazen theft" that amounted to "embezzl[ing] from Plaintiff." A trial judge is presumed to know the law, and such presumption is rebutted only when the record affirmatively shows the contrary. *People v. Taylor*, 801 N.E.2d 1005, 1011 (Ill. App. Ct. 2003). With no contrary evidence, it is clear to this Court that the state trial judge found Riegle "embezzled" money from Lambert as that term has been understood in Illinois. In other words, Riegle, as a fiduciary, intentionally and fraudulently converted Lambert's funds in her possession for her own benefit. See *Riggins*, 148 N.E.2d at 452; *O'Malley*, 88 N.E.2d at 457. That satisfies the federal definition: Riegle appropriated funds for her own benefit, and she did so with fraudulent intent. See *Weber*, 892 F.2d at 538. So the issue in both cases is identical.

The Plaintiffs have thus met their burden of establishing the three elements for collateral estoppel to apply under Illinois law. Still, that equitable doctrine should not be applied if it would be unfair to do so. Riegle raises several objections to the fairness of applying collateral estoppel here, which the Court turns to next.

**B.  The state court order is adequate for collateral estoppel purposes.**

Riegle argues that the state court's opinion is inadequate because it consists solely of conclusory findings "and not specific determinations of fact that bear on the issue of dischargeability." Doc. #17 at 4. She cites two bankruptcy court decisions from Ohio and Florida to support the proposition that "[a] final judgment that recites only legal conclusions is insufficient for the application of collateral estoppel." Those non-binding cases are either inapposite or unpersuasive, though, and neither addresses the requirements of Illinois law.

The first decision, *In re Bachinski*, sets forth the non-controversial rule that a judgment "does not have issue-preclusive effect if it makes several findings of fact or conclusions of law in the disjunctive and at least one of the alternative findings is insufficient to support a nondischargeability judgment." 393 B.R. 522, 539 (Bankr. S.D. Ohio. 2008). But here there is no alternative finding; the judge found (quite succinctly) that Riegle embezzled from Lambert in a "brazen theft." So the judgment poses no problem of ambiguity. The second decision, *In re Gilbride*, essentially holds that collateral estoppel is never available in bankruptcy courts, because "it would be inappropriate not to permit the debtor to retry the issues relating to conversion, because his motivation for defending in state court could have been entirely different than here where the discharge of the debt in bankruptcy is in question." 32 B.R. 75, 76 (Bankr. S.D. Fla. 1983). The Seventh Circuit disagrees. *Gambino*, 757 F.3d at 608–10 (approving of use of collateral estoppel in nondischargeability actions). The court in *Gilbride* did not explain why a final judgment that "recites only legal conclusions" is insufficient to meet the requirements of collateral estoppel. And it of course did not apply Illinois law on the doctrine, which does not appear to impose such a requirement.

Riegle expounds upon the problem with the limited findings in the state court judgment. "Details were unimportant" to the judge, she claims, because he did not explain why he found certain witnesses credible and others not; he did not itemize the amounts that Riegle embezzled; and he provided no basis to assess a $25,000 award of punitive damages. None of those observations is pertinent. They are matters for the state judiciary to assess on direct review. An inferior federal court is not the place to question the correctness or thoroughness of a state judgment. Cf. *Gilbank v. Wood County Dep't of Human Services*, --- F.4th ---, No. 22-1037, 2024 WL 3616798, at *29 (7th Cir. Aug. 1, 2024) (en banc); *Gibson v. Kreischer*, 682 F. App'x 505, 506 (7th Cir. 2017) (nonprecedential). So long as the state judgment is clear—and it is on the crucial point

6

of whether Riegle's debt is for embezzlement—there is nothing more for this Court to do, provided of course that the Defendant had a full and fair opportunity to litigate her case in state court. (More on that below.)

### C. The complete state court record is not required.

Riegle next identifies that one day of testimony was not included in the transcripts submitted by the estate in this adversary case. She asks that summary judgment "not be entertained" until that transcript is provided. Her request is not supported by any authority. And she gives no reason to think that the missing transcript would change the outcome, even though she was present and thus knows what happened. Doc. #13-3 at 3. Again, this Court need only be confident that the elements of collateral estoppel are met. The exhibits that were filed, including the state court pleadings and order, are sufficient here. See *In re Disney*, No. 93 A 00013, 1993 WL 542593, at *7 (Bankr. N.D. Ill. 1993).

### D. Riegle had a full and fair opportunity to litigate the state court case.

Finally, Riegle asserts that her attorney in the state case was negligent. Counsel failed to submit a closing argument. He then failed to file a timely appellate brief, which led to the dismissal of Riegle's appeal. So Riegle contends that applying collateral estoppel to deny her the opportunity to litigate the dischargeability of the debt is "not just." Doc. #17 at 5.

Riegle correctly identifies that the law is not on her side, citing *In re Myers*, 235 B.R. 838, 847 (Bankr. D.S.C. 1998), for the proposition that attorney mistakes do not provide a basis for relief from a civil judgment. Illinois courts agree with that rule. *Ameritech Pub. of Illinois, Inc. v. Hadyeh*, 839 N.E.2d 625, 630 (Ill. App. Ct. 2005). There is no "ineffective assistance of counsel" claim in civil litigation. *Id*. If Riegle's counsel caused her to incur a nondischargeable judgment debt, she may have other remedies, such as an attorney malpractice claim. But the Plaintiffs should not have to incur the cost by being forced to relitigate the case a second time for Riegle's attorney's errors. Riegle had every incentive to contest the state court's finding of embezzlement; whether she did so effectively does not call into question her *opportunity* to do so. See *Talarico v. Dunlap*, 685 N.E.2d 325, 328 (Ill. 1997) (focusing on full and fair opportunity based upon practical incentive to litigate).

7

When evaluating the equities to decide whether to apply collateral estoppel, a court must balance "the harm of giving a previously unsuccessful party a second bite at the apple and the need for judicial economy against the right to a fair adversary proceeding in which both parties have the opportunity to fully present their cases." *Richter v. Village of Oak Brook*, 958 N.E.2d 700, 711 (Ill. App. Ct. 2011). The balance is not difficult here. The Plaintiffs would be significantly harmed by bearing the expense of proving their case in another trial and Riegle has not shown that she lacked the ability to fully present her case in the state court.

### III. Conclusion

Applying the law of collateral estoppel under Illinois, the Court finds that Plaintiffs have satisfied their burden of proving the threshold elements and it is clear to the Court that no unfairness will arise by enforcing the doctrine against Riegle.

Judgment will be entered for the Plaintiffs in a separate order.

###